UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON SLIMM, BRANDI N. SLIMM,      Civil No. 12-5846 (NLH/JS)
AND ROBERT H. OBRINGER,

        Plaintiffs,      **OPINION**

   v.

BANK OF AMERICA CORPORATION,
*et al.*,

        Defendants.

**APPEARANCES:**

JASON D. SLIMM
BRANDI D. SLIMM
33 SOUTH BELL ROAD
BELLMAWR, NEW JERSEY
   *Pro Se Plaintiffs*

ROBERT H. OBRINGER
244 S. BARRETT AVENUE
AUDOBON, NEW JERSEY 08106
   *Pro Se Plaintiff*

AARON M. BENDER, ESQUIRE
TIMOTHY P. OFAK, ESQUIRE
REED SMITH, LLP
PRINCETON FORRESTAL VILLAGE
136 MAIN STREET, SUITE 250
PRINCETON, NEW JERSEY 08540
   *Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., BAC Home Loans Servicing, LP, ReconTrust Company, and Mortgage Electronic Registration Systems, Inc.*

WILLIAM C. SANDELANDS
SANDELANDS EYET LLP
1545 U.S. HIGHWAY 206
SUITE 304
BEDMINSTER, NJ 07921
    *Attorney for Defendant Aurora Bank, FSB*

**HILLMAN, District Judge**:

In this matter, pro se plaintiffs challenge a mortgage foreclosure.  Before the Court is an uncontested motion to dismiss filed by Aurora Commercial Corp., successor entity to defendant Aurora Bank FSB ("Aurora Bank").  For the reasons expressed below, defendant's motion shall be granted.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying facts were set forth at length in the Court's previous Opinion entered on May 2, 2013, and therefore, only those facts pertinent to the present motion will be repeated in this Opinion.  See Slimm v. Bank of America Corp., No. 12-5846, 2013 WL 1867035 (D.N.J. May 2, 2013).  Previously, the Court granted the motion to dismiss filed by defendants Bank of America Corporation, Bank of America, N.A., BAC Home Loans Servicing, LP, ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively referred to as "Bank of America defendants").  Following the dismissal of the Bank of America defendants, defendant Aurora Bank filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) which is now before the Court.  Plaintiffs filed no opposition

to Aurora Bank's motion.

On September 28, 2006, Plaintiffs Jason D. Slimm, Brandi N. Slimm, and Robert H. Obringer executed a promissory note evidencing a $187,267.00 mortgage loan at a six percent (6%) interest rate.  Pursuant to the terms of the Note, plaintiffs were required to make a monthly payment of $1,122.76 to Aurora Financial Group, Inc. for principal and interest due on the loan.  Shortly after acquisition of the loan, defendants Bank of America, BAC, and ReconTrust began to service the loan.

On March 10, 2010, Bank of America started foreclosure proceedings on plaintiffs' property.  On May 21, 2010, the Slimms contacted Bank of America to attempt to work out an arrangement by which they could avoid foreclosure and maintain possession of their home by participating in a loan modification.  According to plaintiffs, Bank of America agreed to a modification of their loan agreement pursuant to the federal Home Affordable Modification Program in December of 2010.  On February 3, 2012, the Slimms received notification that their loan modification was denied.

Plaintiffs filed a complaint on September 14, 2012, asserting violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, New Jersey Deceptive Practices Act,

3

promissory estoppel, Truth in Lending Act, and federal civil Racketeer Influenced and Corrupt Organizations Act.[1]

## II. JURISDICTION

The Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Specifically, this matter arises under 15 U.S.C. §§ 1601, 1692, 1681 and 18 U.S.C. § 1961.  The Court exercises supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the

---

[1] Plaintiffs are proceeding pro se in this action, and therefore, the Court must construe plaintiffs' complaint liberally.  See Wallace v. Fegan, No. 11-3572, 2011 WL 6275996, at *1 (3d Cir. Dec. 16, 2011) ("Pleadings and other submissions by pro se litigants are subject to liberal construction[.] ") (citing Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011)).

liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984)(quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has

5

instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Iqbal</u>, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  <u>Id.</u> (quoting <u>Iqbal</u>, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  <u>Id.</u>; <u>see also</u> <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the

6

burden of showing that no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. DISCUSSION

Plaintiffs fail to meet the <u>Twombly/Iqbal</u> standard.  The allegations in plaintiffs' complaint are directed at the Bank of America defendants concerning plaintiffs' request to modify their loan.  There are no allegations directed at Aurora Bank as the initial lender of the loan.  In fact, as argued by Aurora Bank, the word "Aurora" only appears twice in the body of the complaint.  Therefore, the complaint against Aurora Bank fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S.Ct. at 1949 (The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully.").

Further, the name of the originating lender is "Aurora Financial Group, Inc."  Plaintiffs, however, sued "Aurora Bank FSB."  Accordingly, the originating lender, Aurora Financial Group, Inc., is not a defendant.  Defendant has stated that the sued entity, Aurora Bank FSB, has no affiliation with the originating lender, Aurora Financial Group, Inc., and is a

7

wholly unrelated party.

Therefore, even under the liberal pleading standard applied to pro se parties, plaintiffs have not presented facts that could support a plausible claim for relief against Aurora Bank and, even if they did, plaintiffs sued the incorrect entity.[2]

---

[2] Aurora Bank also notes that service was attempted by mailing a copy of the complaint to an improper address and, therefore, it appears that service of process may have been insufficient. See Fed.R.Civ.P. 4 (permitting service by following state rules); New Jersey Court Rule 4:4-3(a), and 4:4-4(a)(1) (stating that the primary method of service is for the summons and complaint to be personally served, or alternatively, "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant… ."

However, the Court will not address this argument since defendant did not specifically raise it in its 12(b)(6) motion, but states in a footnote that "[t]o the extent this motion is not granted in its entirety, Aurora hereby preserves its defense of insufficient service of process under Rule 12(b)(5)." According to Fed.R.Civ.P. 12(g), "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Therefore, if defendant wished to raise an insufficient service of process argument, it was incumbent upon it to do so in one motion. See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) ("[I]f a defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b)(5) on the ground that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-answer motion."). Thus, since defendant did not raise an insufficient service of process argument in its motion, its Rule 12(b)(5) defense is waived. See id. ("Thus, if a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of

**V.    CONCLUSION**

For the reasons set forth above, defendant Aurora Bank's motion to dismiss will be granted.

An appropriate Order will follow.

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated:    March 31, 2014

At Camden, New Jersey

---

service under Rule 12(b)(5), that objection is waived.").

9